UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

CALVIN B. BROOKS,

                      Plaintiff,         17-cv-03115 (JGK)

          - against -         MEMORANDUM OPINION
                                                                                                                                                                                                                          & ORDER

CITY OF NEW YORK and CORRECTIONAL
OFFICER JOHNSON, Shield No. 18735,

                      Defendants.

---

     The plaintiff, Calvin B. Brooks, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was deprived of property without due process in violation of the Fourteenth Amendment. The plaintiff alleges that Correctional Officer MacArthur Johnson and the City of New York (the "City") are liable for intentionally sending his driver's license and house keys to another person while the plaintiff was incarcerated at the Anna M. Kross Center (the "AMKC").

     The City now moves for judgment on the pleadings dismissing the Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The City argues that plaintiff's claims fail as a matter of law because the plaintiff

1

was provided with an adequate post-deprivation remedy and there can be no municipal liability without an underlying constitutional deprivation. The City further argues that the plaintiff insufficiently pleaded his claim for municipal liability because the plaintiff has failed to plead an existing City policy or custom that caused the deprivation of his property.[1] For the reasons explained below, the City's motion is **granted**, and the plaintiff's claims are **dismissed**.

I.

For a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), courts apply the same standards as those applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>Cleveland v. Caplaw Enters.</u>, 448 F.3d 518, 521 (2d Cir. 2006). "Thus, [a court] will accept all factual allegations in the complaint as true and draw all reasonable inferences in [the] plaintiff[']s[ ] favor. To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Hayden v. Peterson</u>, 594 F.3d 150, 160 (2d Cir. 2010); see also <u>Romero v. DHL Express</u>

---

[1] Officer Johnson has yet to be served and is therefore not represented by the Corporation Counsel for the City. However, the defendants contend that the claims against Officer Johnson should be dismissed for the same reason that those claims should be dismissed against the City.

2

(U.S.A), Inc., No. 15-cv-4844, 2016 WL 6584484, at *2 (S.D.N.Y. Nov. 7, 2016).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of deciding motions pursuant to Rule 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d Cir. 2007); Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002). The submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Burke v. Metropolitian Transp. Auth., No. 09-cv-3291, 2009 WL 4279538, at *2 (S.D.N.Y. Dec. 1, 2009).

**II.**

The following allegations, set forth in the Amended Complaint, are accepted as true for the purposes of this motion.[2]

Between February and March 2016, the plaintiff was incarcerated at the AMKC. At some point between February and March 2016, Officer Johnson sent the plaintiff's keys and driver's license, presumably by mail, to another person. Compl. 2. On March 27, 2016, the plaintiff filed a Grievance concerning

---

[2] The plaintiff filed a complaint on April 27, 2017 against the City and the AMKC, which he amended on Dec 12, 2017 (the "Amended Complaint") to name Officer Johnson as a defendant. Although the plaintiff did not restate the facts in the Amended Complaint, the Court will construe the Amended Complaint to re-allege the facts alleged in plaintiff's original complaint.

3

the loss of his property by the property room of the AMKC. Compl. 3. On August 12, 2016, the Grievance Department forwarded the Grievance to the warden of the AMKC, but the warden refused to respond. Id. The plaintiff then appealed to the Board of the New York City Department of Correction (the "DOC"). Id. In September 2016, a representative from the DOC visited the plaintiff and told the plaintiff that the DOC was investigating the matter. Compl. 3. On or about September 20, 2016, a representative from the DOC again visited the plaintiff and told the plaintiff they were unable to recover his property. Compl. 4. On or about September 22, 2016, representatives from AMKC visited the plaintiff and told the plaintiff that his property had been sent to a sex offender. Id.

On April 27, 2017, the plaintiff filed a complaint in the current action against the AMKC and the DOC. Dkt. No. 1. On July 31, 2017, the Court dismissed plaintiff's claims against the AMKC and the DOC and the City of New York was added as a defendant. Dkt. No. 8. On October 24, 2017, the City answered the complaint. Dkt. No. 16. On December 12, 2017, the plaintiff amended the Complaint to name Officer Johnson as a defendant in the action. Dkt. No. 30. On February 8, 2018, the City moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil

Procedure 12(c). Dkt. No. 38.³ On February 16, 2018, the plaintiff requested an extension of time to file his response to the City's motion for judgment on the pleadings, which was granted on February 22, 2018. Dkt. Nos. 45, 46. The Court extended the time for the plaintiff to file papers in opposition to the motion to May 22, 2018, noting that "if the plaintiff [did] not respond to the motion by May 22, 2018, the Court [would] consider the motion fully briefed and decide the motion on the papers already submitted." Dkt. No. 56. On May 15, 2018, the plaintiff filed a letter requesting to settle the case. Dkt. No. 57. By June 22, 2018, the plaintiff had not filed a response to the motion for judgement on the pleadings.

### III.

#### A.

The plaintiff alleges that his driver's license and keys were intentionally sent to another person in violation of the Due Process Clause of the Fourteenth Amendment. However, "[t]he Due Process Clause does not protect against all deprivations of constitutionally protected interests in life, liberty, or property, 'only against deprivations without due process of

---

³ Because the City had not filed an answer to the Amended Complaint, the City's motion was actually a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). But the issue is academic because the standards to be applied to Rule 12(c) and Rule 12(b)(6) are identical.

5

law.'" Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458, 464-65 (2d Cir. 2006) (quoting Parratt v. Taylor, 451 U.S. 527, 537 (1981), overruled in part on other grounds by, Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996) (citing Hudson v. Palmer, 468 U.S. 517, 532 (1984)). Where a claim is based on random, unauthorized acts by state employees, the Due Process Clause of the Fourteenth Amendment is not violated "so long as the state provides a meaningful post-deprivation remedy." Hellenic, 101 F.3d at 880 (citing Hudson, 468, U.S. at 531, 533).

The Court of Appeals for the Second Circuit has explained that "New York in fact affords an adequate post-deprivation remedy in the form of, inter alia, a Court of Claims action." Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001). Thus, federal courts routinely dismiss actions by New York State inmates alleging deprivation of property when, as in this case, the act complained of was random and unauthorized. Byrd v. City of New York, No. 17-cv-2166, 2018 WL 259316, at *11 (S.D.N.Y. Jan. 2, 2018)(holding that because deprivation of property was "effected

6

through random and unauthorized conduct of a state employee -- as opposed to 'established state procedures' -- Plaintiff has an adequate post-deprivation remedy under [New York] state tort law" (internal quotation marks omitted)).

The plaintiff does not allege that the loss of his property was due to a state procedure. Rather, the plaintiff contends that the DOC took a number of steps to investigate the loss and attempt to locate his property, indicating that it was the result of a random and unauthorized act by Officer Johnson. Compl. 3.

Moreover, the plaintiff was afforded a meaningful post-deprivation remedy in the form of a New York Court of Claims action. See Love v. Coughlin, 714 F.2d 207, 209 (2d Cir. 1983) (per curiam) (holding that New York post-deprivation remedy in the form of Court of Claims action is adequate to preclude a prisoner's due process claim for loss of personal property); Shannon v. Venettozzi, No. 13-cv-4530, 2015 WL 114179, at *10 (S.D.N.Y. Jan. 8, 2015) (same). Because the plaintiff was provided with an adequate post-deprivation remedy, albeit one he has not yet pursued, the plaintiff has no claim for a denial of due process. Therefore, the motion for judgment on the pleadings dismissing his claim for a denial of due process is a **granted.**

**IV.**

The City also argues that the plaintiff has failed to state a claim for municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). "Municipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). However, municipalities are not subject to liability under theories of respondeat superior, but only for claims that their policies or customs "inflict[ed] the injury upon the plaintiff." Id. "To hold a city liable under §.1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Id.; see also Kahn v. Oppenheimer & Co., No. 08-cv-11368, 2009 WL 4333457, at *3 (S.D.N.Y. Dec. 1, 2009).

As explained above, the plaintiff has failed to plead adequately the denial of a constitutional right and therefore there can be no municipal liability under Monell. "It is well established that a Monell claim cannot lie in the absence of an underlying constitutional violation." DeRaffele v. City of New Rochelle, 15-cv-282, 2017 WL 2560008 at *6 (S.D.N.Y. June 13, 2017). See City of Los Angeles v. Heller, 475 U.S. 796, 799

8

(1986) (holding that there can be no municipal liability based on the actions of an officer if the officer inflicted no constitutional harm); Martinez v. City of New York, No. 06-cv-5671, 2008 WL 2566565, at *4 (S.D.N.Y. June 27, 2008)(noting that a "municipality cannot be liable for acts by its employees which are not constitutional violations").

The plaintiff has also failed to allege any policy or custom of the City that caused the deprivation of his property. A plaintiff may establish the existence of a municipal policy or custom by showing the municipality failed to train its employees properly such that "'the failure to train amounts to deliberate indifference to the rights' of those with whom municipal employees will come into contact." Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)). The plaintiff's claim against the City fails because he has not alleged any facts connecting the loss of his property to any lack of training, or any policy or custom of the City. See Seymore v. Dep't of Corr Servs., No. 11-cv-2254, 2014 WL 641428, at *8 (S.D.N.Y. Feb. 18, 2014); Benavides v. Grier, No. 09-cv-8600, 2011 WL 43521, at *3 (S.D.N.Y. Jan. 6, 2011).

Because the plaintiff has failed to allege a violation of a constitutional right or any policy, custom, or practice of the City that caused the deprivation of his property, the City's

9

motion for judgment on the pleadings dismissing his claim against the City is also **granted** on this basis.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the City's motion for judgment on the pleadings dismissing the plaintiff's complaint is **granted** and the plaintiff's claims against all defendants are **dismissed**.

The Clerk is directed to enter Judgment dismissing this case. The Clerk is also directed to close all pending motions and to close this case. **SO ORDERED.**

Dated:   New York, New York
         June 26, 2018

                                    _____
                                    John G. Koeltl
                                    **United States District Judge**